and we'll turn to the last matter on our calendar which is U.S.A. Robinson. Good afternoon, your honors. Everybody can hear me? Yes. Is this Ms. de Blasio? Thank you. Yes. Yes. May it please the court. I'm before the court on defendant appellant Christopher Robinson's motion for temporary release pursuant to 18 U.S.C. Section 3142I on the grounds that release from detention pending his guilty plea or a trial is both necessary and is for a compelling reason that Mr. Robinson is at heightened risk first of contracting COVID-19 while detained at the federal detention center in Brooklyn and then given his particular health conditions he is second at an extremely high risk of a very poor outcome including the possibility of death should he contract COVID-19 while detained. This court reviews the district court's denial of his motion for clear error. It is our position that the entire evidence permits only one view that temporary release is necessary to reduce the heightened risk to Mr. Robinson of death from COVID-19 and that this court should be left with the definite and firm conviction that the district court clearly committed a mistake in finding that the risk of Mr. Robinson's flight outweighs the risk of death or other dire outcomes. I set forth in my reply brief and previous counsel also went through it in his motion to the court Mr. Robinson's specific health condition and we also discussed the MDC's inability to keep COVID-19 out of the facility so I was not going to add to that now unless the court has questions about that. Similarly as for the risk of flight and Mr. Robinson's criminal history I'm not sure if your honors if the bench warrants from 25 years ago are of a concern to this court but if they are I can discuss that if there are questions and just point out that according to the pretrial services report and the New York state criminal justice report upon which the pretrial services was based both of which government counsel provided to me and which earlier this week the court requested there were seven not ten bench warrants and two of those seven were actually issued when Mr. Robinson was detained so initially I had I think just a couple days to get up to speed on the case and I didn't quite pick up on that but since then I've noticed that the bench warrants issued on August 14, 1995 and October 26, 1995 were issued at a time when Mr. Robinson was detained and so clearly it wasn't his volition that he missed those court appearances. One minute. I just wanted to yeah I'm just gonna would end here. If there are questions from the court now if not I reserve some time. Go ahead you've got a minute. I would just ask that the court orders Mr. Robinson's release on the personal recognizance bond of $500,000 that was discussed at the district court that he has two sisters and a brother-in-law who are willing and able to ask act as shirters and that the conditions would be home confinement electronic monitoring and everything else that probation is able to do these days so as I understand it daily Skype visits with probation any in-person visits that are possible and if the court were to deny the motion now I would ask that do so without prejudice for him to renew it if the change. Thank you very much Mr. Blagio. Any questions for counsel? Judge Parker? No thank you. Judge Park. Yeah just one quick question is there an update on the status of the has he received dental attention? There's there's an issue with respect to pain in his mouth. Yeah thank you for asking the question. I'll preface it by saying no fault of anybody's so not counsel for either party. I don't want to throw fault at MDC but it has not been resolved. He does want a root canal which wouldn't involve you know a bloody mess and wouldn't be as I understand it a medical risk but I don't believe that that's available at MDC. I know the facility was talking about not being able to do a root canal and so pulling the tooth that would require going off-site and up to this time that was not possible and I believe the government council may speak to that because between us between council we had decided that government council would speak to legal counsel at the prison about that issue. So to answer your question nothing has been done yet. Okay thank you. Okay Mr. Miserec. Yes your honor. May it please the court Mark Miseric for the United States. I was the assigned assistant who handled the underlying matter. I would just argue that the defendant had seven prior felonies. The strength of the government's case in terms of evidence recovered and the defendant's admissions were outlined. The defendant's exposure to substantial terms of incarceration were outlined for the district court and that was all done with backdrop of the rebuttable presumption of detention. The government's position is there was no error in terms of the argument involving the medical records that the district judge failed to properly review or understand the medical records. The government would put forward that it's clear from the hearing in government appendix I believe beginning on page nine that the court indicated they did review the records. They then immediately the court then turned to defense counsel of record and asked them to summarize those records and defense counsel in three categories stated the defendant three separate sort of categories of explanations. He stated the defendant was a CDC high risk. He stated the MDC was MDC high risk and then he went on to outline a number of underlying conditions. By my count it was at least four. It was at that the district court accepted those. The government did not did not argue them and conceded that Mr. Robinson was at high risk and the second the court accepted and adopted all of defense counsel's interpretations of the medical records which defense counsel did not indicate in any way he did not understand the medical records. The defendant was put in the best possible position uh and the only problem the defendant had is that the other side of the coin as I just outlined before was overwhelming evidence and there was no air detention was warranted and the denial was proper. Turning very quickly to the court's question regarding the tooth Mr. Robinson was scheduled to have the tooth extracted on July 9th of 2020. When he arrived for the extraction he said he did not want it extracted anymore and it didn't hurt and he refused to sign the refusal of treatment form and as counsel suggested we have been in touch with each other trying to remedy this situation and Mr. Robinson has requested a root canal. I emailed counsel I don't know if she saw this morning that the MDC dentist is saying the tooth is too far gone for a root canal and extraction is the only remedy for the tooth but we will continue to try to fix the situation obviously it needs to be fixed one way or the other so unless the court has questions I would rely on the brief. Any questions? Oh no questions thank you. Judge Park? No questions. Let me ask you a question of the of the assistant U.S. attorney. The judges two different judges I guess magistrate Judge Lindsay and and Judge Hurley were they the persons who acted on this matter? That's correct your honor. And can you describe brief very briefly what kind of a hearing if any one or another held on on this question? Uh on this question on the question of release on bail uh well Judge uh Lindsay as well as Judge Hurley well Judge Hurley obviously reviewed the matter de novo uh we went through you know the relevant factors the prior prior criminal history the strength of the government's case uh defense counsel at the time uh went through you know the essentially as the record makes clear uh the the prior felony convictions the strength of the case uh there was some issue regarding the mandatory minimum at the time but again we in our briefings made clear that although the defendant was only charged initially uh with a narcotics charge that carried 5 to 40 years uh we had not superseded with an indictment at the request of counsel given what was recovered inside the home we have since done that uh and that was done on July 29th and now the mandatory minimum is 15 years. Well I'm not sure if that answered sorry yeah yeah um what kind of a of a hearing was held on the on the conditions at the MDC? Well the conditions were part I apologize the conditions were part of the discussion uh counsel for Mr. Robinson suggested that they they were unacceptable conditions those conditions were briefed at the time at the time regarding the current conditions and the government argued not only were they acceptable um that that the MDC in fact had done a a good job under the circumstances and that we had cited at the time the current rates of infection rates amongst staff and the the remedies that were being taken by the Bureau of Prisons overall and in MDC specifically to make sure that if Mr. Robinson were continued to be detained that he would be safe given his underlying medical conditions. And what is the state of play in terms of proceedings? How much longer will he be at the MDC before going to some kind of trial? Uh your honor my best guess would be that we still need to deal with suppression hearings I would imagine that application will come at some point shortly and then however long it takes to deal with that motion practice and have a trial. And so you don't you you have no guess you can only guess. I could only guess and I don't know if it would be accurate. Yeah and the district court's decisions of any regarding the the coronavirus situation at the MDC what what what evidence was before the court? Uh we had provided a briefing on the letters that were being provided from the BOP specifically MDC to the chief judge in the eastern district and updating essentially some of the specifics. I recall there was there was updates on total infections amongst guards. I believe at the time we had already then moved on to people who had recovered, total prisoners who had tested positive, total prisoners who had recovered, that sort of information. Now neither Judge held evidentiary hearing on this matter did they? No your honor. Yeah they received information conveyed in a formal way by the government. And as well as sorry go on uh as a government as well as defense yes. Yes yes at that time it was Mr. Langone was it who was counsel? Yes yes sir. Right uh okay thanks very much uh Ms. de Blasio you've reserved a bit of time for rebuttal. Yes and I will uh be brief um just to respond to your honors questions. I obviously can't speak to what happened at the hearing aside from what I read um but uh the and I'm not sure um to the extent that I can talk now about updates since the hearing but our position is that uh MDC is not doing um everything we would like to protect someone like Mr. Robinson. And in fact we've been following the daily reports to Judge Malzkopf and um there has been an staff that is um that tested positive a slight increase and um they have also increased the number of inmates they have tested but it's really still not even half the inmates have been tested. There isn't any doubt in your mind that Judge Lindsay and Judge Hurley who are both very experienced in these matters they had before them all the relevant information regarding the situation at the MDC isn't that right? I would hope so I don't know I would think so they're very experienced judges. Let me put it another way what did they not do or what did they fail to do that would that would prompt us to uh to reverse their decisions? Yeah I I think what it really comes down to in my mind uh is what I tried to say in the reply brief which is uh Judge Malzkopf when he said he had just gotten the rather voluminous medical records 20 minutes before and had not had a chance not only to read them thoroughly but what he liked to do which is to really understand. So I I believe that affected his understanding of the profound risk that Mr. Robinson is at so even if he understood that there were some inmates and some staff at MDC that were sick and that it would probably increase as COVID-19 generally has increased I don't doubt the judges understood that I just think it really came down to a close balancing act and so what he didn't do was he didn't have time to really understand and then if I could just add to that the seven prior felonies I believe your honors now have the um criminal record and you can see as well and better than I the prior felonies were all possession and an attempted distribution of drugs and Mr. Robinson is a heroin addict um so they didn't involve a danger they didn't danger I should say they didn't involve violence they didn't involve guns um and they were small amount street sales so I I think that also goes into the balancing act. Okay thank you Mr. Blasio. Thank you very much. We'll reserve decision and we will adjourn.